PARKER R. ANDERSON v. J. M. CHILES AND THE KENILWORTH COMPANY.

(Filed 14 December, 1927.)

**Contracts—Pleadings—Evidence—Actions—Public Policy—Government.**

Where the complaint declares upon one contract under which plaintiff claims compensation for services rendered, he may not recover upon a different contract not alleged in the complaint relating to the same subject-matter, the probater without the *allegata* being vitally defective. As to whether the contract in this case to induce public officials to enter into it in behalf of the United States government, was *contra bonos mores* or against public policy, is not decided.

APPEAL by plaintiff from *Raper, Emergency Judge,* at February Term, 1927, of BUNCOMBE. Affirmed.

Action upon contract for personal services rendered by plaintiff to defendants relative to the purchase of the Kenilworth Hotel, located in Buncombe County, N. C., by the United States.

At the close of plaintiff's evidence defendants' motion for judgment as of nonsuit was allowed.

From judgment dismissing the action, as upon nonsuit, plaintiff appealed to the Supreme Court.

*Kitchin & Kitchin and Galloway & Galloway for plaintiff.*
*Merrimon, Adams & Adams for defendants.*

CONNOR, J. The cause of action alleged in the complaint is the breach of a contract entered into by and between plaintiff and defendant, J. M. Chiles, acting in his own behalf and as an agent or officer of his codefendant, the Kenilworth Company, on or about 11 March, 1921. At this time the Kenilworth Hotel, located in Buncombe County, N. C., and owned by the defendant corporation, was held, used and occupied as a hospital by the United States Public Health Service, under a lease from the owner. Defendants wished to enter into negotiations with authorized officers of the government for the sale of said hotel to the United States. By his contract with defendants, as alleged in the com-

plaint, plaintiff undertook to aid defendants in making said sale by interesting officers of the government in the purchase of said hotel.

In his deposition offered at the trial as evidence in his behalf, plaintiff testified as follows: "I maintain that I had two contracts with Mr. Chiles. I am not claiming under both these contracts; the first contract was superseded by the second." The evidence tended to show that the negotiations for the sale of the hotel ended in July, 1921; the offer of defendants to sell the hotel to the United States was declined. Defendants thereupon undertook to procure the cancellation of the lease, the return of the hotel to defendant corporation, and payment by the government of damages resulting from the use of the hotel as a hospital. Plaintiff testified that the second contract, which superseded the first contract alleged in the complaint, was then entered into by and between plaintiff and defendants. The evidence offered by plaintiff, both by his deposition and by the deposition of Mr. Morgan, tended to show the performance by plaintiff of the second contract, to which no reference is made in the complaint. It is upon this contract that plaintiff now seeks to recover in this action.

The motion for judgment as of nonsuit was properly allowed, for there is a fatal variance between the allegations of the complaint, and the proof offered by plaintiff, with respect to the contract upon which he seeks to recover.

In *Sumrell v. Salt Co.*, 148 N. C., 552, it is said in the opinion of this Court: "It is elementary that a plaintiff may not declare upon one contract and, without amendment, recover upon another. If the rules of pleadings were otherwise, a defendant would never be able to prepare his defense." The judgment must be affirmed upon this principle, which is applicable upon this record.

It is not necessary for us to consider or to discuss the further ground upon which defendants contend that the judgment should be affirmed. We do not decide whether the contract as alleged in the complaint, or as proven by the evidence, is void, for that it is *contra bonos mores* or in contravention of public policy. It is well settled that agreements to procure contracts by secret influence upon public officers authorized to make them for the benefit of individuals are void; the courts will not enforce such agreements, nor will they grant relief in actions arising out of such agreements. These principles are too well-settled in the law to require citation of authorities to sustain them. Whether or not they are applicable to the contract for the breach of which plaintiff seeks to recover in this action, is not necessarily presented for decision upon this record. We therefore do not decide this question.

There was no error in allowing the motion for nonsuit. The judgment dismissing this action is

Affirmed.